Smith, J.
The plaintiff, by her petition in error, seeks the reversal of the judgment rendered against her in the court of common pleas, for the reasons assigned that the court erred in refusing to grant her motion for a new trial, based upon the ground that the verdict of the jury was against the weight of. the evidence, and that the court erred in the charges given to the jury at the request of the defendant, and in refusing to give certain charges asked.for by the plaintiff below.
The action was one brought by the plaintiff against the defendant company, to recover damages for personal injuries said to have been received by her, while alighting from an electric car of the company, on which she had been a passenger, on the Main avenue in Mt. Auburn, which injury *275 she claims was caused and brought about by the carelessness and negligence of the conductor of the car in this, that the car being stopped at this point to allow her to get off, as she-was in the act of stepping therefrom, her dress was caught in the door, or on the platform or step of said car, and before; she was able to loosen it, and while her legs were in contact: with the car, it started and tigutened the skirt of her dress-around her legs, and jerked her feet from under her, and threw her heavily upon the ground, on her right side, severely and permanently injuring her. That her fall was-occasioned by the negligence and gross carelessness of the conductor in catching her dress or in permitting it to be-caught in the door, or upon the platform or steps of the car, and in starting the car before her dress was free, and while-she was in contact with it. That by reason of this injury, she has already incurred an expense of $200.00 for medical' services, and she claims damages in the sum of $10,200.00. There was no allegation in the petition that the plaintiff' herself was free from fault.
The answer of the defendant, as is altogether too common-in such cases, and a practice greatly to be condemned where-a real denial of many of the allegations of the petition can. not truthfully be made- — simply admitted the corporate-character of the defendant, ard that it was at the time of the injury to plaintiff, (December 4, 1893), operating this street, railway, and denied each and every other allegation of the - petition. It did not aver by way of defense that the plaintiff in any-way contributed to the injury which she claimed to have received.
At the trial of the cause, as shown by the bill of exceptions allowed by the court, certified to contain all of the evidence received at the trial, together with the charge of the court given to the jury, the charges given at the request of' counsel for the parties, and those refused, with the exceptions taken to the rulings of the court complained of — there ■ *276 was evidence tending strongly to prove the allegations of the petition of the plaintiff, as to the manner in which she received the injury — viz: That when the car which was going north, stopped at Albion place, to allow the plaintiff and two other passengers, (who alighted before her), to get off the car at the rear end, that as she stepped down upon the street, the skirt of her heavy woolen dress dragged upon the platform, or the single step, and was held there by some force, so that while the back part of her legs were still against the steps of the car, the conductor, who was standing upon the rear platform, and so that he was in full view of her, and with his hand on or near the bell rope, rang for the car to start, which it did, and by reason of the dress of the plaintiff being still on the platform or step of the car and held by some force, her dress tightened about her legs,- and before she could loosen it, which she tried to do, she was suddenly and with great violence thrown to the ground, and severely and permanently injured. It may further be stated that as she descended from the car towards the east, she was carrying a satchel or package in her right hand, and holding to the guard rail with her left hand.
I say that the evidence tends strongly to show this state of fact. On the other hand there was evidence tending strongly to show that the street which was paved with asphalt, was at the time covered with ice, and that the testimony of one witness was that the fall of the plaintiff was caused by her stepping on the icy surface of the street, and that she fell with her feet to the east, and towards the side-walk, and with her head towards the street car track. This was explicitly denied by the plaintiff, who insisted that her fall was caused solely by her dress being caught as before stated, and that her feet were thus drawn from under her, and that she fell and lay parallel to the track, and with her feet to the north, and her body about two feet from the track,and this evidence as to her position on the ground when she fell was supported *277 by the evidence of several witnesses. There was not a scintilla of evidence that there was any act on the part of the plaintiff, negligent in its character, other than the fact that she did not take up the skirt of her dress as she descended from the car, and there was no proof offered by the defendant that women of ordinary prudence are accustomed to do this in alighting from a street car, while the plaintiff testified this was not the case. Thereupon, after the general ■ charge of the court to the jury,the trial judge at the request of the counsel for the defendant, and over the exception of the counsel for the plaintiff, gave to the jury certain special instructions on this point. The first was: “If the jury find from all the evidence in the case under the circumstances that existed at the time of the accident, that a careful, prudent lady would, have gathered up her dress skirts, and thus prevented them from either being caught or dragged on the platform of the car, and that the plaintiff failed to observe this caution, and the failure to do so was the approximate cause of her injury,she can not recover, and your verdict must be for the defendant.”
Waiving the question, in a case like this, where there was no issue raised between the parties as to any contributing negligence on the part of the plaintiff, whether the charge so given to the jury does not lay down the doctrine that a failure on the part of the plaintiff in this case to gather up her dress skirts, if a careful and prudent lady would have done so, was negligence as a matter of law, and would prevent a recovery by her, was proper, we think it very clear that the plaintiff was entitled to have the court give to the jury, the special charges which were asked by her counsel, after the foregoing charge had been given to the jury, but the court refused to do so. The charges so asked by the plaintiff were these:
*278 “First. If might under some circumstances be contribuí tory negligence for a woman to permit her dress to trail upon the platform of a street car when she was alighting, but this-would be true only where there were facts and circumstances-surrounding her which she had knowledge of, or ought by the exercise of common and ordinary care to have knowledge of, which should cause her to apprehend danger in permitting' her dress to trail. ”
“Second. If the plaintiff was exercising ordinary care-when she was leaving the car, and had no cause to apprehend danger in permitting her dress to trail, she was not guilty of contributory negligence in so permitting it.”
We see no good reason for the refusal by the court to give-these charges to the jury. They state the law correctly, and had not before been given in substance,and if the charge-given at the request of the dpfendant’s counsel, was proper, which is very questionable, the limitations contained in these-charges asked by the plaintiff, should have been made. .For-is it possible that the law will make the doing of an act, entirely proper in itself and almost universally practiced, an act’ of carelessness on a particular occasion, when there were no--facts or circumstances which she had knowledge of,or which in the exercise of common or ordinary care she ought to have-knowledge of, which would cause her to apprehend danger from doing so?
If the injury to the plaintiff was caused by reason of the-fact that her dress was caught upon the step of the car, either from her own negligence or want of ordinary care, or while she was in the exercise of proper care, and there was-no negligence on the part of the company, this of course-would only be an accident or misadventure, and she would have no right of action against any one. But if she was entirely free from negligence or fault, and the company was negligent, and thereby caused the injury, it would be liable. It was then a very important question for the consideration of the jury, whether the plaintiff was negligent in allowing; *279 her dress to trail, and if she was at the time, “exercising ordinary care,” in alighting from the car, as the charge asked for assumed, she could not have been guilty of contributory negligence in this respect, so as to prevent her recovering a verdict in the-case, if negligence on the part of' the company was shown in starting the car before she was. free from it, and the injury was thereby brought about.
The plaintiff asked the court to give other special charges, to the jury, which were refused. One of them was'this:
“The plaintiff was not bound to apprehend carelessness upon the part of the defendant. She had a right to rely upon the defendant having its platform in good condition, and free from obstacles of an unusual character upon which her dress might catch. She was not bound to apprehend that the conductor might start the car while her body was in contact with it, or until she was free from it and had reached a* position of safety. She was not bound to apprehend that she might do anything that would place her in jeopardy. On the contrary, she had a right to place full reliance on the defendant doing its full duty towards her, and exercising the high degree of care which the law requires of it.”
It seems to us that this is a clear, concise and correct statement'of the law applicable to this case, and that it was error to refuse it.
There is another matter in which it is claimed that the court erred to the prejudice of the plaintiff. As has been stated, the claim was made by the plaintiff that her fall was occasioned by the negligence and carelessness of the conductor, in catching her dress or in permitting it to be caught in the door, while she was on the end of the car and at the east-side of the car as it then stood, or upon the platform or step, of the car, and in starting the car before her dress was free,, and that thus her feet were drawn from under her, and she-was thrown to the ground. There was no direct testimony,, we think, from any witness showing how or on what the-dress caught, if such was the fact. The conductor expressly *280 denied that he shut the door upon it, or that it was caught in the door, or on anything on the platform or step, or that there was anything on the platform or step that could catch it, and he denies that he stepped upon it. And yet there was proof of facts which strongly tended to show, that in some unknown manner it had caught somewhere, and in consequence of the starting of the car she was thus hurled to the ground.
On this state of fact the court at the instance of defendant’s counsel, gave the following charge to the jury:
“The jury are instructed that this case is to be determined upon the facts offered in evidence, and not upon any theory advanced to explain circumstances; that is to say, that before the plaintiff shall be entitled to-a verdict for any amount, the evidence must satisfy the minds of the jury that the defendant, its agents or employes had carelessly and negligently maintained or permitted some obstruction to be on or upon the platform or step of said car, whereby the dress of the lady in the act of leaving the car would be caught. The evidence must prove this fact. If it does not, and the defendant, its agents or employes, not being otherwise negligent in the discharge of their duty, and the plaintiff herself in leaving said car carelessly, neglected in the exercise of ordinary care to handle or take care of her dress skirts, and such negligence or carelessness of the plaintiff, was the approximate cause of her injury, she can not recover, and your judgment should be for the defendant.’’
And thereupon the counsel for plaintiff asked the court to charge .the jury as follows:
“The plaintiff in this ' case claims that her dress was held in some way upon the platform of the defendant’s car, and that the conductor negligently started the car while it was so held. If it was held upon the platform or step by some object or force, that is a separate and independent fact, and if you think the evidence justifies you in finding such to be the fact, you may do so, without determining how or by what it was held.’’
This the court declined to give.
Prescott Smith, Attorney for Plaintiff.
Miller Outcalt, Attorney for Defendant.
This we think should also have been given. The vital questions on this point were these: Was the dress so held in •any manner, and if so, was the conductor negligent in starting the car before her dress was free, and did this cause the injury? The manner or way in which it was caught, was in this point of view not material, and if the evidence justified the jury in finding that it was so caught or held, and that while so held the conductor negligently started the car, it was not essential to a finding in favor of the plaintiff on this point, that the jury should know or find how it was held.
A majority of the court is also of the opinion that the verdict of the jury was against the weight of the evidence, and for the reasons stated, the judgment will be reversed, and a new trial awarded.